NUMBER 13-08-00187-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

MICHAEL FLORES, JR., Appellant,

v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On appeal from the 148th District Court of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Yañez and Rodriguez


Memorandum Opinion Per Curiam


 Appellant, Michael Flores, Jr., attempted to perfect an appeal from a conviction for
intoxication assault. We dismiss the appeal for want of jurisdiction.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not have jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

 On April 10, 2008, the Clerk of this Court notified appellant that it appeared that the
appeal was not timely perfected and that the appeal would be dismissed if the defect was
not corrected within ten days from the date of receipt of the Court's directive. Appellant
has not filed a response to the Court's directive. We also note that the certification of
appellant's right to appeal fails to reflect that appellant has the right to appeal. See Tex.
R. App. P. 25.2(d). 

 Appellant's notice of appeal was untimely, and accordingly, we lack jurisdiction over
the appeal. See Slaton, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time
appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this
Court. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. 


 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 17th day of July, 2008.